IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| LYNDA DAWN ESQUIVEL, | Civil No. 2:05-CV-225 BSJ |
| | Crim. No. 2:00-CR-0031 BSJ |
| Petitioner, | |
| | **MEMORANDUM DECISION &** |
| vs. | **ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**FILED**
CLERK, U.S. DISTRICT COURT
October 26, 2005 (2:29pm)
DISTRICT OF UTAH

\* \* \* \* \* \* \* \* \* \*

Lynda Dawn Esquivel ("Esquivel") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on March 16, 2005. (*See* Defendant's Motion (dkt. no. 1), 2:05-cv-00225) ("Def.'s Mot.") The United States of America ("United States") responded to Esquivel's Motion on March 22, 2005. (*See* United States' Response (dkt. no. 6), 2:05-cv-00225) ("United States' Resp.")

**FACTUAL & PROCEDURAL HISTORY**

On January 21, 2000, the United States charged Esquivel with two counts of possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and one count each of carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c) and being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). (*See* Information (dkt. no. 13), 2:00-cr-0031.) On February 11, 2000, Esquivel pled guilty to all four counts. (*See* Minute Entry, dated 2/11/2000, (dkt. no. 18), 2:00-cr-0031.) In so pleading, Esquivel stipulated and agreed to the following facts, noting that "they provide a basis for the

Court to accept my change of plea to guilty and for calculating the sentence in my case," (Statement by Defendant in Advance of Plea of Guilty at 5 (dkt. no. 19), 2:00-cr-0031) ("Statement by Def."):

>    (a) On December 23, 1999, officers of the DEA/Metro Narcotics Task Force served a search warrant at 390 Woodlake Dr. apartment #95 in Salt Lake City. I was currently residing at that apartment and had been there for approximately two weeks. The apartment was not leased by me nor was the lease in my name.
>    (b) A search of the apartment resulted in the seizure of approximately 15 grams of cocaine base, 400 grams of cocaine, which was confirmed by the DEA Western Regional Laboratory. Also located in the apartment was a .22 caliber handgun.
>    (c) I knowingly participated in the distribution of the cocaine and cocaine base while in the possession of the handgun.
>    (d) I admit that my conduct violated 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 924(c) and § 922(g).

(*Id*.)  The United States recommended a three-level offense level reduction for acceptance of responsibility, did not request a sentence enhancement pursuant to 21 U.S.C. § 851, and recommended a sentence of 120 months imprisonment, the minimum applicable sentence. (*Id*. at 5–6.)

On June 2, 2000, this Court sentenced Esquivel to 110 months of imprisonment on three counts, and 60 months of imprisonment on a fourth count (possession of a controlled substance with intent to distribute) to run consecutively, followed by 48 months of supervised release. (*See* Judgment, filed 6/21/2000 (dkt. no. 27), 2:00-cr-0031.)  Esquivel did not appeal her judgment of conviction to the United States Court of Appeals for the Tenth Circuit.  Five years later, on March 16, 2005, Esquivel filed this § 2255 Motion. (*See* Def's Mot. (dkt. no. 1), 2:05-cv-00225.)

## DISCUSSION

Esquivel asks this Court to vacate, set aside, or correct her sentence because her sentence was imposed in violation of her Fourth, Fifth, and Sixth Amendment rights.  (*See* Defendant's Memorandum (dkt. no. 2), 2:05-cv-00225) ("Def.'s Mem.")  She argues that her motion is timely under 28 U.S.C. § 2255(1), and that the Supreme Court has recognized a new right that is retroactively applicable to her case under 28 U.S.C. § 2255(3).  (*Id.*)  Specifically, Esquivel argues that the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), in which the Court evaluated Washington State's sentencing guidelines and held that a judge may sentence a defendant based only "on the basis of the facts reflected in the jury verdict or admitted by the defendant," 542 U.S. at ___, 124 S. Ct. at 2537, applies to the Federal Sentencing Guidelines, and therefore, her case.  (*Id.*)

The United States argues that this Court has only limited power under federal law and the Federal Rules of Criminal Procedure to modify the defendant's sentence once it has been entered.  (*See* United States' Resp. (dkt. no. 6), 2:05-cv-00225.)  The United States also argues that Esquivel's request does not fall under any of the statutory bases of 18 U.S.C. § 3582(c) that allow a district court to correct or modify a sentence: (1) "upon the motion of the Director of Prisons," (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," or (3) "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  (*Id.*)  Moreover, the United States argues that neither *Blakely* nor *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005), apply to Esquivel because her case is no longer on direct review, but is on collateral review where new rules do not apply retroactively unless so

designated by the Supreme Court. (*Id*.) The United States asserts that neither *Blakely* nor *Booker* apply retroactively on collateral review. (*Id*.)

**I.     Esquivel's Sentence Should Not Be Modified Because Her Motion is Untimely Under 28 U.S.C. § 2255 and the Rules of *Blakely* and *Booker* Do Not Apply on Collateral Review**

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court" may move the court that imposed her sentence to vacate, set aside, or correct the sentence if she claims, among other possibilities, "that the sentence was imposed in violation of the Constitution." Section 2255 specifies a one-year period of time in which a defendant may file this motion. For the purposes of Esquivel's motion, this limitation period runs from the latest of: "(1) the date on which the judgment of conviction becomes final; . . . [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. Esquivel's motion fails because it does not satisfy either of these limitations.

First, Esquivel's motion is untimely because it was filed beyond the time period allowed by 28 U.S.C. § 2255(1). If a defendant files a direct appeal, her judgment of conviction does not become final until the conclusion of the appellate process. *See, e.g., United States v. Willis*, 202 F.3d 1279, 1280-81 (10th Cir. 2000) (a judgment of conviction is "final" for the purposes of the one-year limitation period in § 2255 when the United States Supreme Court denies a petition for writ of certiorari after a direct appeal). Rule 4 of the Federal Rules of Appellate Procedure provides:

(A) In a criminal case, a defendant's notice of appeal must be filed in the district

>court within 10 days after the later of:
>>(i) the entry of either the judgment or the order being appealed; or
>>(ii) the filing of the government's notice of appeal.
>
>(B) When the government is entitled to appeal, its notice of appeal must be filed in the district court within 30 days after the later of:
>>(i) the entry of the judgment or order being appealed; or
>>(ii) the filing of a notice of appeal by any defendant.

Fed. R. App. P. 4(b)(1). Esquivel's judgment of conviction was entered on June 21, 2000. (Judgment, filed 6/21/2000 (dkt. no. 27), 2:00-cr-0031.) The time for Esquivel to file a notice of appeal expired ten days after this date, while the time for the United States to file an appeal expired thirty days after this date. Because neither Esquivel nor the United States filed a direct appeal, Esquivel's judgment of conviction became final on July 21, 2000. *See* Fed. R. App. P. 26(a) (describing rules for computing time).

Under 28 U.S.C. § 2255(1), Esquivel had one year from the date on which her judgment of conviction became final to file her collateral attack, or until July 21, 2001. As noted, Esquivel's motion was filed on March 16, 2005, more than three and a half years after the applicable limitation period expired. Her motion is therefore untimely.

Second, Esquivel's motion also fails because *Blakely* and *Booker* do not apply retroactively to cases on collateral review. As such, 28 U.S.C. § 2255(3) does not apply to Esquivel.

"[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001) (internal quotation marks omitted); *see also Browning v. United States*, 241 F.3d 1262, 1264 (10th Cir. 2001) (holding "that a rule is 'made retroactive' by the Court only if the Court actually applies the rule retroactively, or makes some explicit statement regarding retroactivity"). The *Booker* Court

5

expressly applied its new rule only to cases on direct review.  543 U.S. at ___, 124 S. Ct. at 769.  Because it did not similarly apply the rule to cases on collateral review, such application is implicitly precluded.  The Tenth Circuit, in an unpublished opinion, held "that the rule announced in *Booker* is not retroactive."  *See United States v. Lucero*, No. 04-2131 (CA-10/DNM, Feb., 18, 2005), *cert. denied*, 543 U.S. ___, 125 S. Ct. 2555 (2005); *see also In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (holding that new rule in *Booker* should not be applied retroactively and that "*Booker* itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review").  Likewise, *Blakely* does not apply to cases on collateral review.  *See United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (holding "that *Blakely* does not apply retroactively to convictions that were already final at the time the Court decided *Blakely*"); *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004) (stating that "[t]he Supreme Court has not expressly held that the rule announced in *Blakely* . . . is retroactive to cases on collateral review").  Because neither *Booker* nor *Blakely* applies to Esquivel's case, a case on collateral review, § 2255(3) does not apply to Esquivel.

II.     **Even if *Blakely* and *Booker* Applied to Cases Such as Esquivel's on Collateral Review, Esquivel's Sentence Should Not Be Modified Because It Was Based Only on Facts Admitted in Her Plea of Guilty**

Although neither *Blakely* nor *Booker* apply to Esquivel's case, even if they did, Esquivel's sentence should not be modified because it was based only on facts that she admitted, and was not based on or enhanced by other facts found by the judge.  In 2004, the Supreme Court decided *Blakely*.  At issue in *Blakely* were Washington State's sentencing guidelines, which were

similar to the Federal Sentencing Guidelines. *See Blakely*, 542 U.S. at \_\_\_, 124 S. Ct. at 2548 (O'Connor, J., dissenting).  The Court held that

> the "statutory maximum" . . . is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.* . . . In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

*Id*. at 2537 (citations omitted) (emphasis in original).  The Court did not, however, apply this rule to the Federal Sentencing Guidelines.  *Id*. at 2538 n.9.

One year later, in *Booker*, the Court explicitly held that the "holding in *Blakely* applies to the [Federal] Sentencing Guidelines."  543 U.S. at \_\_\_, 125 S. Ct. at 755.  As a result, with respect to federal sentences, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id*. at 756.  The Court also struck down the provisions of the Sentencing Reform Act of 1984 that made the Sentencing Guidelines mandatory.  *Id*. at 765.

Esquivel's case does not present a *Blakely* or *Booker* issue because Esquivel's sentence was based on facts admitted by her in her Statement in Advance of Plea.  This Court sentenced Esquivel to 110 months of imprisonment for counts I, II, and IV, and an additional 60 months, to run consecutively, on count III.  (*See* Judgment, filed 6/21/2000 (dkt. no. 27), 2:00-cr-0031.) Esquivel was sentenced based only on her admissions in her Statement in Advance of Plea that she possessed "approximately 15 grams of cocaine base, [and] 400 grams of cocaine" and "knowingly participated in the distribution of the cocaine and cocaine base while in the possession of [a .22 caliber] handgun."  (Statement by Def. at 5 (dkt. no. 19), 2:00-cr-0031.)

For counts I (possession of cocaine base with intent to distribute), II (possession of cocaine with intent to distribute), and IV (felon in possession of a firearm) combined, this Court, following the recommendations of the United States Probation Officer, assessed Esquivel as follows: a Base Offense Level of 26 pursuant to U.S.S.G. § 2D1.1, a Specific Offense Characteristic of 2 pursuant to U.S.S.G. § 2D1.1(b)(1) (providing for an increase of two levels if a dangerous weapon was possessed), and an Adjustment for Acceptance of Responsibility of -3 pursuant to U.S.S.G. § 3E1.1, for a Total Offense Level of 25.  Esquivel had a criminal history score of 17, which established a criminal history category of VI. U.S.S.G. § 5A.  The Federal Sentencing Guidelines provided a sentence of 110 to 137 months for this offense level and criminal history category.  The Court sentenced Esquivel to 110 months.  (*See* Judgment, filed 6/21/2000 (dkt. no. 27), 2:00-cr-0031.)  Count III (possessing a firearm in furtherance of a drug trafficking offense) carried a mandatory sentence of five years consecutive to any other term of imprisonment.  *See* 18 U.S.C. § 924(c)(1).  As a result, the Court sentenced Esquivel to an additional 60 months of imprisonment, for a total of 170 months.  (*See* Judgment, filed 6/21/2000 (dkt. no. 27), 2:00-cr-0031.)

The Court sentenced Esquivel based upon facts admitted by her in her Statement in Advance of Plea.  No other facts, beyond those in this Statement, were found by the judge.  As a result, Esquivel's sentence does not present a *Blakely* or *Booker* issue.

## CONCLUSION

Based on this Court's review of Petitioner's motion and the United States' response, the Court concludes that Esquivel's motion is untimely and neither *Blakely* nor *Booker* apply to

8

cases such as her on collateral review. Thus, the sentence imposed by this Court as reflected in the Judgment should not be disturbed.

**IT IS ORDERED** that Petitioner's Motion of relief under § 2255 is DENIED and the above-captioned proceeding, DISMISSED.

DATED this 26 day of October, 2005.

BY THE COURT:

Bruce S. Jenkins
United States Senior District Judge